IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| RUSSELL BRISCO and PATRICIA BRISCO, CLIFFORD PRICE and CAROL PRICE<br><br>Plaintiffs,<br>v.<br><br>CHRISTOPHER SCHREIBER, LIBERTY MUTUAL GROUP INC., and CHARTER OAK FIRE INSURANCE COMPANY<br><br>Defendants. | CIV. NO.: 06-cv-132<br><br>ACTION FOR DAMAGES |

## MEMORANDUM OPINION

Finch, Senior Judge

THIS MATTER is before the Court on Defendant Charter Oak Fire Insurance Company's ("Charter Oak" or "Defendant Charter Oak") Motion to Dismiss Plaintiffs' Third Amended Complaint for Lack of Personal Jurisdiction, Improper Venue and Forum Non Conveniens, Or Alternatively, to Transfer Venue to the Western District of New York. For the reasons that follow, Defendant Charter Oak's Motion to Dismiss is GRANTED.

### I. Facts and Procedural Posture

On or about August 4, 2006, Defendant Schreiber, allegedly under the influence of alcohol and driving on the wrong side of the road, struck the vehicle in which Russell and Patricia Brisco ("Plaintiffs" or "Plaintiffs Brisco") were occupants. The accident occurred on St. Croix, in the United States Virgin Islands. As a result of the collision, Plaintiffs assert that they suffered severe physical and psychological injuries, were hospitalized and incurred medical expenses.

Defendant Schreiber was underinsured and his insurance carrier paid the limits of its insurance policy to the Plaintiffs for the damages incurred from the accident. At the time of the accident, Defendant Charter Oak was the sole insurer of an automobile insurance policy issued to Plaintiffs Russell and Patricia Brisco. Plaintiffs Brisco made a demand against Charter Oak Fire Insurance Company to pay to Plaintiffs the underinsurance policy limits but Charter Oak refused payment. Plaintiffs Brisco allege that Charter Oak is in breach of their insurance agreement with Plaintiffs.

Charter Oak filed a Motion to Dismiss on February 27, 2009 in response to Plaintiff's Complaint. However, that motion was subsequently deemed moot after Plaintiffs filed their Third Amended Complaint. Charter Oak filed the instant Motion to Dismiss on May 27, 2009.

## II. Analysis

### A. Personal Jurisdiction over Charter Oak

A district court sitting in diversity may exercise personal jurisdiction over a non-resident defendant to the extent permitted by the forum's long-arm statute and in compliance with the Due Process Clause of the Fourteenth Amendment's "minimum contacts" requirement. *Financial Trust Co., Inc. v. Citibank N.A.*, 268 F. Supp. 2d 561, 566 (D.V. I. 2003). "In deciding a motion to dismiss for lack of personal jurisdiction, the Court takes the allegations of the Complaint as true." *Kressen v. Federal Ins. Co.*, 122 F. Supp. 2d 582, 584-85 (D.V.I. 2000) (citing *Dayhoff, Inc. v. H.J. Heinz, Co.*, 86 F.3d 1287, 1302 (3d Cir.1996)). However, "the plaintiff must make a prima facie showing of sufficient contacts between the defendant and the forum territory to support in personam jurisdiction." *Financial Trust Co., Inc.*, 268 F. Supp. 2d at 566-67 (citing *Mellon Bank (East) PSFS Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).

## 1. Virgin Islands Long Arm Statute 5 V.I.C. § 4903

The Virgin Islands long-arm statute , codified at 5 V.I.C. § 4903, provides:

a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's

(1) transacting any business in this territory;

(2) contracting **to supply services or things** in this territory;

(3) causing tortious injury by an act or omission in this territory;

(4) causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory;

(5) having an interest in, using, or possessing real property in this territory; or

(6) **contracting to insure** any person, property, or risk located within this territory at the time of contracting.

(7) causing a woman to conceive a child, or conceiving or giving birth to a child; or

(8) abandoning a minor in this Territory.

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

V.I. Code Ann. tit. 5 § 4903 (emphasis added.)

Plaintiff argues that both subsections (2) and (6) apply. Citing *Buccaneer Hotel Corp. v. Reliance International Sales Corp.*, 17 V.I. 249 (1981), Plaintiff argues that subsection (2) applies because the contract was partly performed in the Virgin Islands and the cause of action arose from an automobile accident in the Virgin Islands. In *Buccaneer*, the court held that "the only requirement of subsection (a)(2) . . . is that the contract be performed, at least in part, in the Virgin Islands and that the cause of action arise out of the contract." *Buccaneer*, 17 V.I. at 255 (citations omitted).

In support of its Motion to Dismiss, Defendant filed an affidavit asserting the following relevant facts

> Charter Oak is a corporation organized under the laws of the State of Connecticut with its principal place of business in Connecticut. Charter Oak is not licensed to and does not do business in the United States Virgin Islands. Charter Oak **does not contract to supply services or things in the United States Virgin Islands**. Charter Oak has not sought to participate in any business activity United States Virgin Islands. **Charter Oak did not contract to insure any person, property, or risk located within the United States Virgin Islands at the time of contracting**. Charter Oak does not write insurance policies in the United States Virgin Islands. Charter Oak does not have a registered agent upon whom process can be served in the United States Virgin Islands. At no time has charter Oak maintained any offices or places of business in the U.S. Virgin Islands.

(Affidavit of Brian J. Hoffman, Vice President of The Travelers Indemnity Company, dated February 26, 2009) (emphasis added.)

Furthermore, the automobile insurance policy was contracted by Plaintiffs in New York State while the Plaintiffs were domiciled in, and Plaintiff's vehicles were located in, the state of New York. (Def. Ex. A.)

The Plaintiffs reason that "the contract was performed in part in the Virgin Islands because that is where the accident took place, giving rise to the Defendant's obligation to compensate Plaintiffs under the contract" and point out that the following actions occurred in the U.S. Virgin Islands: (1) the demand for payment of the insurance policy; (2) the letter rejecting payment; and (3) all negotiations for payment.

First, the Court finds that the fact that the Defendant Charter Oak communicated with individuals located in the Virgin Islands about the contractual dispute in this matter is insufficient to establish personal jurisdiction. *See Lynch v. New Jersey Auto. Full Ins. Underwriting Ass'n*, 762 F. Supp. 101, 105 (E.D. Pa. 1991) (breach of insurance contract did not occur in the forum simply because the nonresident defendant sent letters to plaintiff and others

related to the litigation in the forum; rather, the defendant breached the contract, if at all, in New Jersey where it decided to void the policy).

Second, the Court notes that the arguments advanced by Plaintiffs in favor of jurisdiction have been rejected by several courts. *See, e.g., Haywood v. The Traveler's Indemnity Company of America*, 2006 U.S. Dist. LEXIS 75747, *14 (D. Mont. Aug. 29, 2006) ("where an insured is suing its regional insurer in a foreign state for breach of contract . . . the simple fact that Montana is within the territory of coverage of the insurance policy, by itself, does not provide Montana courts with specific personal jurisdiction over an out-of-state insurer") (citations and internal quotations omitted); *Rivello v. New Jersey Auto. Full Ins. Underwriting Ass'n*, 432 Pa. Super. 336, 343, 638 A.2d 253, 257 (Pa. Super. 1994) (breach of contract for failure to indemnify plaintiff who had been in an auto accident in a foreign forum insufficient to confer personal jurisdiction over defendant); *Strickland Ins. Group v. Shewmake*, 642 So. 2d 1159, 1161 (Fla. Dist. Ct. App. 5th Dist. 1994) ("where the insurer and the insured are both out-of-state residents at the time the contract of insurance was issued, the fact that there is an accident in Florida does not give Florida courts jurisdiction over the insurer even if the insured, by a unilateral act, moves to Florida.") (citations omitted)); *Bahn v. Chicago Motor Club Ins. Co*., 98 Md. App. 559, 575-576 (Md. Ct. Spec. App. 1993) ("while the promise to provide coverage throughout the United States may evidence that the insurer has agreed to submit to jurisdiction in any forum that has jurisdiction to adjudicate claims against its indemnitee, its agreement to defend and indemnify [its insured] in any state does not imply an agreement to allow its insured to bring suit [against it]

in any state." (citing *Batton v. Tennessee Farmers Mut. Ins. Co.*, 153 Ariz. 268, 736 P.2d 2, 6-7 (1987) (internal quotations omitted)).[1]

The district court's ruling in *Haywood* is particularly persuasive since both the facts and the law relied upon are nearly identical to those under consideration here. In *Haywood*, the plaintiff, who had contracted for automobile insurance in Colorado, got into an accident in Montana. Subsequently, plaintiff sued his insurer for breach of contract in Montana and asserted that the Montana long-arm statute provided the court with personal jurisdiction. *Id*. at *3-4. The subsections of the Montana statute relied upon by plaintiff provided specific long-arm jurisdiction over claims which arose from "contracting to insure any person, property or risk located within this state at the time of contracting" or "entering into a contract for services to be rendered or for materials to be furnished in this state by such person[s]." *Id.* at *12 (citing Mont. R. Civ. P. 4B(1)). The court held that "the place of the accident is immaterial for purposes of jurisdiction, as the action is one to enforce a contract." *Id*. at *15-16 (citations omitted). The court also rejected the notion that a promise to provide coverage throughout the United States implied an agreement to allow an insured to bring suit against it in any state. *Id*. at *14.

This Court agrees with the reasoning in *Haywood*. The car accident did not give rise to the breach of contract. The breach of contract arose later when Defendant refused to provide

---

[1] Plaintiffs suggest that in *New Jersey Auto. Full Ins. Underwriting Ass'n v. Independent Fire Ins. Co*., 253 N.J. Super. 75, 600 A.2d 1243, 1245 (N.J. Super. Ch.1991), the court ruled in favor of a plaintiff asserting similar claims. However, that assertion is inaccurate. In *New Jersey Auto*, the court held that a contractual commitment by a non-resident insurance company to defend its insured against claims arising out of accidents occurring in New Jersey constituted a sufficient contact with this state to subject it to suit here if its insured has an accident in New Jersey and the accident generated a third-party claim. *Id*. at 78. In that case, insurer was called upon to respond to a third-party claim related to the accident which its insurance covered, whereas in the instant matter, Plaintiff is asserting a claim of breach of contract.

Plaintiffs with the compensation that Plaintiffs sought. Thus the contract was neither performed in the Virgin Islands, nor did the cause of action arise here.

The Court also finds that subsection (6) of § 4903 is inapplicable as the Plaintiffs were not residents of the Virgin Islands at the time the contract was entered into by the parties. *Kressen*, 122 F. Supp. 2d at 586 (in order for the Court to have personal jurisdiction based on subsection (6) of 5 V.I.C. § 4903 the insured must have been domiciled in the Virgin Islands at the time the insurance contract was entered into (citing *Moerd v. Metropolitan Life Ins., Co.*, 11 V.I. 426, 428 (D.V.I. 1975))).

### 2. Due Process

Plaintiffs assert that due process is satisfied because, given the nature of the insurance coverage purchased by Plaintiffs, it was foreseeable that a cause of action could arise in a jurisdiction other than where the contract was entered into. The Court notes that a due process analysis is not necessary once the Court finds that the provisions of the Virgin Islands long-arm statute are not satisfied. *Kressen*, 122 F. Supp. 2d at 586 (citing *Pennzoil Products Co. v. Colelli & Associates, Inc.*, 149 F.3d 197, 203 (3d Cir.1998)). However, the Court, giving due consideration to the arguments of Plaintiffs, considers the argument and finds that the Plaintiffs' claim of personal jurisdiction also fails under a due process analysis.

As the Supreme Court has held, "foreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." *Kressen*, 122 F. Supp. 2d at 586 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980) (internal quotations omitted)). Instead, the court "must determine whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy traditional notions of fair play

and substantial justice." *Pennzoil*, 149 F.3d at 203 (3d Cir.1998). "A finding of minimum contacts demands the demonstration of some act by which the defendant purposely availed itself of the privilege of conducting business within the forum State, thus invoking the protection and benefits of its laws." *Id*.

Minimum contacts can be established through either general or specific jurisdiction. "A court may exercise general jurisdiction over a defendant where he or she has continuous and systematic contacts with the forum, whether or not those contacts are related to the plaintiff's cause of action." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 334 (3d Cir. 2009) (citations and internal quotations omitted). "Specific jurisdiction exists if the defendant has 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Id*. (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)).

The Court finds the record devoid of evidence that Charter Oak has taken any action "purposefully directed toward the forum state" with respect to the instant litigation or that Charter Oak participates in any ongoing business activity in the Virgin Islands. *Metcalfe,* 566 F.3d at 334 (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 370 (3d Cir.2002). The mere fact that the insurance coverage of the New York Plaintiffs extended to U.S. territories such as the Virgin Islands is not sufficient to show a "purposeful" action directed toward this jurisdiction. *Lynch*, 762 F. Supp. at 104 (minimum contacts not established by plaintiff's unilateral act of driving the insured automobile into a foreign jurisdiction where accident occurred); *HCB, LLC v. Oversee.net*, 2009 U.S. Dist. LEXIS 84447, *20 (D.V.I. Sept. 16, 2009) ("the "unilateral activity of those who claim some relationship with a nonresident defendant" is

not enough to sustain the exercise of specific jurisdiction" (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

In sum, the Court finds that personal jurisdiction cannot be established over the Defendant Charter Oak pursuant to the Virgin Islands long-arm statute or the Due Process clause of the Fourteenth Amendment. Accordingly, the Court will grant Charter Oak's Motion to Dismiss. A separate Order will issue.

**ENTERED this 10th day of March, 2010**.

_____/s/_____
HONORABLE RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE