# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **RUSSELL BRISCO and PATRICIA BRISCO,** )<br>**CLIFFORD PRICE and CAROL PRICE** )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>**CHRISTOPHER SCHREIBER, LIBERTY** )<br>**MUTUAL GROUP INC., and CHARTER** )<br>**OAK FIRE INSURANCE COMPANY** )<br>)<br>Defendants. )<br>_____) | **CIV. NO.: 06-cv-132**<br><br>ACTION FOR DAMAGES |

## MEMORANDUM OPINION

Finch, Senior Judge

THIS MATTER is before the Court on Defendant Liberty Mutual Group Inc.'s ("Defendant" or "LMG") Motion to Stay Proceedings Pending Arbitration and To Compel Arbitration. Plaintiffs Clifford Price and Carol Price ("Plaintiffs" or Plaintiffs Price") oppose the Motion on the grounds that Defendant has failed to establish that (1) the parties have a valid, enforceable agreement to arbitrate; and (2) that the parties' dispute is within the scope of matters the parties agreed to arbitrate. For the reasons stated below, the Defendant's Motion will be DENIED.

## I. Background

On or about August 4, 2006, Plaintiff Clifford and Carol Price were injured when Christopher Schreiber struck the vehicle in which the Plaintiffs were occupants.[1] Plaintiffs assert that Defendant Schreiber was underinsured and that his insurance carrier has paid the limits of its insurance policy to Plaintiffs damages as a result of the accident. Plaintiffs made a demand on LMG to pay to them the underinsurance policy limits but LMG refused to pay the Plaintiffs anything under the underinsured insurance coverage. As a result, Plaintiffs sued LMG and LMG responded with the instant Motion.

## II. Discussion

Pursuant to 9 U.S.C. § 3 of the Federal Arbitration Act ("FAA"),

> If any suit or proceeding be brought in any of the courts of the United States **upon any issue referable to arbitration** under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **shall on application of one of the parties stay the trial of the action** until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added.)

In order to compel arbitration under the Federal Arbitration Act, "the district court must be satisfied that the parties entered into a valid arbitration agreement. In conducting this inquiry the district court decides only whether there was an agreement to arbitrate, and if so, whether the agreement is valid." *Great Western Mortg. Corp. v. Peacock*, 110 F.3d 222, 228 (3d Cir. 1997) (citing 9 U.S.C. § 2). The district court must also decide whether the specific dispute raised falls

---

[1] The original complaint in this matter was filed by Plaintiffs Russell and Patricia Brisco on October 13, 2006. Clifford and Carol Price asserted their claims against Christopher Schreiber in the First Amended Complaint filed on January 16, 2007, and against LMG in the Second Amended Complaint filed on October 1, 2008.

within the scope of that agreement. *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 137 (3d Cir. 1998) (citing *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 133 F.3d 225, 228 (3d Cir.1998)).

As Plaintiff notes, "[t]he burden is upon the party seeking a stay to satisfy the court that a matter is referable to arbitration." *American Financial Capital Corp. v. Princeton Electronics Products*, 1996 WL 131145, at *7 (E.D. Pa. Mar. 20, 1996) (citing *Miletic v. Holm & Wonsild*, 294 F. Supp. 772, 775 (S.D.N.Y. 1968) (citation omitted)).

### 1. Validity and Enforceability of Arbitration Agreement

Plaintiffs contend that the arbitration agreement cited by Defendant is unenforceable because Defendant has not provided competent evidence of an agreement to arbitrate, and that, even if deemed competent, the agreement is unenforceable because it is a contract of adhesion.

#### a. Evidence of the Arbitration Agreement

The Court finds unpersuasive Plaintiffs' argument that the Defendant has failed to provide competent evidence of an arbitration agreement. Subsection (2) of title 9 of the FAA provides

> A **written provision** in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, **shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract**.

9 U.S.C. § 2 (emphasis added.)

Plaintiff cites no authority for the proposition that a written arbitration agreement is insufficient proof of an agreement to arbitrate merely because it is unaccompanied by a sworn

statement.[2] *See also Venuto v. Insurance Co. of North America*, 1998 WL 414723, at *4 (E.D. Pa. 1998) ("a written policy, such as at issue here, is sufficient to satisfy the writing requirement"). The FAA does not require more than that the agreement be in writing. *Id.* (citing *Nghiem v. NEC Elec., Inc.*, 25 F.3d 1437, 1439 (9th Cir.1994) (citations omitted)). Moreover, the requirement of authentication pursuant to Federal Rule of Evidence 901(a) is satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." *Lexington Ins. Co. v. Western Pennsylvania Hosp.*, 423 F.3d 318, 328 (3d Cir. 2005). Indeed, "the burden of proof for authentication is slight." *Id.* (citing *McQueeney v. Wilmington Trust Co.*, 779 F.2d 916, 928 (3d Cir.1985); *see also Link v. Mercedes-Benz of North America*, 788 F.2d 918, 927 (3d Cir.1986)). In this case, it was the Plaintiffs who first alleged in their complaint that LMG "wrote a policy of insurance for Clifford and Carol Price that included underinsured insurance coverage." In addition, Plaintiffs also referred in their complaint to factual assertions that are accurately reflected in the documents submitted by Defendants entitled "Standard Auto Policy Declarations" and "Uninsured Motorists Coverage – New Jersey." (Def. Ex. A.) The Court finds that the evidence in this matter is sufficient to find that the document submitted by Defendant constitute the insurance policy between the parties.

While Plaintiffs correctly assert that motions to compel arbitration have been subjected to the same standard as summary judgment motions, this is only true where "the parties contest the making of the agreement." *Venuto*, 1998 WL 414723, at *3 (citing *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co. Ltd.*, 636 F.2d 51, 54 (3d Cir.1980) (where there is no genuine issue of

---

[2] Plaintiffs cite *Smith v. Devlin Partners, L.L.C.*, 2004 WL 1490401 (D. Kan. 2004) for the proposition that attaching unauthenticated documents to the motion to compel does not satisfy the moving party's burden. However, in *Devlin*, the court noted but did not rely solely on the lack of "authenticated" documents in denying the motion to compel. *Id.* at *3. The *Devlin* court essentially denied the motion because the "employment application contained only a one-sided promise by plaintiff to arbitrate employment disputes." *Id.*

fact concerning the formation of the agreement the court should decide as a matter of law whether the parties entered into the agreement). Despite Plaintiffs' protests about the lack of a sworn statement, nowhere in Plaintiffs' opposition do the Plaintiffs deny the existence of the agreement to arbitrate, even if they deny its validity. Finally, the Court finds that even if the Motion to Compel is treated as a motion for summary judgment, Defendant has satisfied the requirements of Local Rule of Civil Procedure 56.1 that a "summary judgment motion shall be accompanied by a brief, affidavits and/*or other supporting documents*" (emphasis added). Defendant does not merely rest on a statement of facts in its brief, but submits an insurance policy agreement containing an arbitration provision.

### b. Adhesion Contract

To determine whether the parties have agreed to arbitrate, a court applies "ordinary state-law principles that govern the formation of contracts." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London, subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646,* 584 F.3d 513, 524 (3d Cir. 2009) (citations omitted). "Arbitration agreements [are to] be enforced as written" and "an arbitration provision [will] be set aside only for generally recognized contract defenses, such as unconscionability." *Kaneff v. Delaware Title Loans, Inc.*, 587 F.3d 616, 624 (3d Cir. 2009) (citations omitted)). *See also* 9 U.S.C. § 2 (an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.").

As the Third Circuit has held, "more than a disparity in bargaining power is needed in order to show that an arbitration agreement was not entered into willingly." *Great Western Mortg. Corp. v. Peacock*, 110 F.3d 222, 229 (3d Cir. 1997) (citing *Gilmer v. Interstate/Johnson*

*Lane Corp*, 500 U.S. 20, 33 (1991) and *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110, 1118 (3d Cir.1993) (rejecting argument that arbitration clause was adhesive merely because there was a disparity in bargaining power). *See also Chalk v. T-Mobile USA, Inc.*, 560 F.3d 1087, 1094 (9th Cir. 2009) (the adhesive nature of a contract standing alone is insufficient to render an agreement procedurally unconscionable and unenforceable) (citations omitted)).

Plaintiffs assert that New Jersey law is applicable to this matter and that the arbitration provision, as part of a contract of adhesion, is not entitled to be enforced under the factors set forth in *Rudbart v. North Jersey Dist. Water Supply Com'n*, 127 N.J. 344, 356, 605 A.2d 681, 687 (N.J. 1992). *Rudbart* provides that

> in determining whether to enforce the terms of a contract of adhesion, courts have looked not only to the take-it-or-leave-it nature or the standardized form of the document but also to the subject matter of the contract, the parties' relative bargaining positions, the degree of economic compulsion motivating the "adhering" party, and the public interests affected by the contract.

*Id.* at 356.

Assuming arguendo that New Jersey law is applicable,[3] the Court finds that Plaintiffs have failed to establish that the arbitration agreement is an invalid contract of adhesion. In another case cited by Plaintiffs, *Allgor v. Travelers Ins. Co.*, 280 N.J. Super. 254, 257, 654 A.2d

---

[3] Where the district court's jurisdiction is premised on diversity-of-citizenship, the court must apply the Virgin Islands' choice-of-law rules. *Bell v. USAA Cas. Ins. Co.*, 2009 WL 2524351, at *2 (D.V.I. Aug. 14, 2009) (citing *Homa v. Am. Express Co.*, 558 F.3d 225, 227 (3d Cir.2009); *Shuder v. McDonald's Corp.*, 859 F.2d 266, 269 (3d Cir.1988)). Under Virgin Islands law, where a contract does not provide for the governing law, the court determines the applicable law based on "which state has the most significant relationship to the transaction." *Id.* (citing Restatement (Second) of Conflict of Laws § 188 (1989)). "[U]nder the Restatement, "a contract's references to the laws of a particular state may provide persuasive evidence that the parties to the contract intended for that state's law to apply."" *Id.* (citing *Assicurazioni Generali, S.P.A. v. Clover*, 195 F.3d 161, 164 (3d Cir.1999)). The Court notes that the endorsement for uninsured motorists coverage specifically refers to New Jersey and could thus provide a basis for finding that New Jersey law is applicable here.

1375, 1377 (N.J. Super. A.D. 1995), the court upheld an arbitration provision of an underinsured motorists policy issued in New Jersey and made the following relevant findings.  First, the *Allgor* court noted that "[t]he fact that the Travelers policy is a contract of adhesion does not automatically void the agreement." *Id*.  Second, the court held that "where parties to a contract choose arbitration as the alternative forum for dispute resolution, such choice is in accord with the public policy of this State, and will be afforded respectful recognition with only a narrow scope of judicial review." *Id*. (citing *Tretina Printing, Inc. v. Fitzpatrick & Associates, Inc*., 135 N.J. 349, 640 A.2d 788 (1994)). Finally, the court found that although the plaintiff "had no power to bargain out the arbitration clause, there was no degree of economic compulsion which required him to adhere to [the defendant insurer's] choice of forum since underinsured motorist coverage was optional." *Id*.  This Court finds that the reasoning of the court in *Allgor* is applicable to the facts in the instant action, and likewise finds that the arbitration agreement is enforceable.

### 2.  Scope of Arbitration Agreement

The Defendant asks the Court to "stay these proceedings pending arbitration, and to sever and to compel arbitration as to all of plaintiffs' claims that relate to Plaintiffs Clifford and Carol Price's Underinsured Motorist coverage with LMG, pursuant to the terms of that coverage."  In support of the Motion, Defendant cites a portion of the insurance agreement between the Plaintiffs and LMG.  The cited excerpt is taken from an endorsement attached to the insurance policy, titled "Uninsured Motorists Coverage – New Jersey, #AS2106 01 04."  The excerpt pertains to arbitration and states as follows:

> A. If we and an "insured" do not agree:
>    1. Whether that "insured" is legally entitled to recover damages; or

2. As to the amount of the damages which are recoverable by that "insured";

From the owner or operator of an "uninsured motor vehicle" or an "underinsured motor vehicle", then the matter may be arbitrated. However **disputes concerning coverage under this Part may not be arbitrated**.

(Def. Ex. A) (emphasis added.)

As Plaintiff points out, the provisions of the arbitration agreement provide for arbitration in instances where the parties disagree about entitlement to damages or amount of damages with respect to the owner or operator of the uninsured or underinsured motor vehicle and explicitly exclude "disputes concerning coverage." However, as stated above, the Defendant specifically asks the court to "compel arbitration as to all of plaintiffs' claims that relate to Plaintiffs Clifford and Carol Price's Underinsured Motorist *coverage* with LMG, pursuant to the terms of that coverage" (emphasis added.) There is no evidence in the pleadings or motions filed by the parties that indicates that the dispute revolves around either Plaintiffs' entitlement to recover from Christopher Schreiber as operator of the vehicle that was allegedly underinsured, or the amount of damages which are recoverable from Mr. Schreiber. The Court finds that Defendant LMG has failed to fulfill its burden to establish that this matter is referable to arbitration, and further finds that the dispute, as characterized in the pleadings, does not fall within the "scope of the agreement." Accordingly, Defendant's Motion to Stay Proceedings and Compel Arbitration is denied. A separate Order will issue ordering the same.

ENTER:

Dated: March 15, 2010 _____/s/_____
HONORABLE RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE